UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

| | |
|---|---|
| ANNETTE AND WILLIAM HEINES | **THIRD AMENDED COMPLAINT** |
| Plaintiffs, | JURY TRIAL DEMANDED |
| PO MCCARTHY, PO BORISKIN<br>PO MCCLOUD, JOHN & JANE DOES 1-4.<br>PO Camille McSam | 13-cv-05674-MKB-RML |
| Defendants. | |

------------------------------------------------------------X

## NATURE OF ACTION

1. This action is brought by Plaintiffs to recover damages for false arrest and excessive use of force.

## THE PARTIES

2. Plaintiffs were residents of Kings County, New York when the case was filed but have since been relocated to Florida by FEMA because of Hurricane Sandy and the damage it caused to their home.

3. Upon information and belief each defendants are residents of one of the following counties: Kings, Queens, Richmond, Nassau or Suffolk, and at the time of the incident were working at the 70th Precinct in Brooklyn.

## JURISDICTION AND VENUE

4. Jurisdiction is proper in this district pursuant to 28 U.S.C. § 1331 in that this action arises under the Constitution and laws of the United States, among them 42 U.S.C. § 1983.

5. Venue is properly placed in this district in that the events occurred in this jurisdiction.

1

## FACTUAL ALLEGATIONS UNDERLYING PLAINTIFF'S CLAIMS

6.      Plaintiffs repeat and reallege all previous allegations.

7.      On or about 3/13/2013 plaintiff Annette Heines entered the subway with a Medicaid discount card, which she was not entitled to do. She was arrested and eventually pled guilty to disorderly conduct with time served.

8.      What the officers did to her and her husband as part of the arrest was deplorable and unfortunately too often a part of the way the police work.

9.      Plaintiff had been a Deli Clerk and because of the repetitive use of her hand was constantly seeing therapists and doctors for her hand pains. After so much repetitive stress she was put on light duty at the deli and was taking several painkillers. Surgery was scheduled at the time of the arrest.

10.     When plaintiff Annette was arrested, however, the cuffs were put on so harshly that it felt like people behind her were stabbing her with lit cigarettes.

11.     She screamed in pain and immediately told the officers of her pre-existing condition in that the handcuffs were on too tight; words to the effect that the pain was unimaginable and intolerable; and that she was on painkillers for her hands and scheduled for surgery for her hands.

12.     She did this throughout the ride to the precinct, and repeated it so many times that she cannot remember how many times, but she estimates perhaps, counting each complaint and explanation as to why she needed relief, as much as thirty.

13.     Boriskin – upon information and belief, though it was the transportation officer – laughed and got a particular giggle out of her suffering.

14.     She got to the 70th precinct and called her husband, who came to the precinct. He asked if he could bail his wife out; he knew nothing of the system and how it worked.

15.     The police for some reason made him stay and interrogated him for hours.

16.     When he went out for a smoke he was told to stay, that they did not like people smoking

2

out front.

17. He said he would go down the block to smoke, but they still refused to let him go. He asked if he was under arrest and he was told no, but it was clearly an arrest without probable cause and without handcuffs. He was not free to go, although he was never charged with anything.

18. Plaintiff Annette was then arraigned, pled guilty to a violation and got her cell phone back smashed and broken. Her medications for her hands – controlled substances – were not given back to her, and she could not replace them for thirty days under state law, thereby increasing her suffering. There was no reason not to return the pills. The confluence of the handcuffs being placed on her too tightly, coupled with her repeated notices that she had a pre-existing condition and was in extreme pain, added to – though this would not be necessary – her pain killers taken away from her resulted in an abuse of authority and excessive use of force which she cannot forget and suffers thinking about.

19. She went to the hospital immediately (before or after) arraignment. She eventually had her surgery and is unable to work. Both plaintiffs now sue for redress.

FIRST CAUSE OF ACTION
FALSE ARREST AND IMPRISONMENT
U.S.C.§ 1983

20. Plaintiff repeats and realleges set fort in all preceding paragraphs

21. Plaintiff was held and imprisoned against his will; he was aware of the confinement and it was not otherwise privileged because there was no probable cause that plaintiff Mr. Heines had committed a crime. Defendants acted under color of state law.

22. As a result of the foregoing, Plaintiff has been damaged and demand compensatory and punitive relief.

23. By virtue of the foregoing, Plaintiffs have been damaged

3

SECOND CAUSE OF ACTION
EXCESSIVE USE OF FORCE
U.S.C.§ 1983

24. Plaintiff Annette repeats and realleges the previous allegations as if fully set forth herein.

25. Acting under color of state law, defendants' excessive force in arresting plaintiff caused injury and loss of property (painkillers) that exacerbated the injury.

26. As a result of the foregoing, Plaintiff has been damaged and demands compensatory and punitive relief.

THIRD CAUSE OF ACTION
FAILURE TO INTERVENE
U.S.C.§ 1983

27. Plaintiffs repeat and reallege the previous allegations as if fully set forth herein.

28. Acting under color of state law, defendants failed to intervene upon witness of the violation of plaintiffs' constitutional rights.

29. As a result of the foregoing, Plaintiffs demand compensatory and punitive relief.

**WHEREFORE,** Plaintiff demands as follows:

    A. Compensatory damages;

    B. Punitive damages to be determined by the trier of fact;

    C. Cost of suit and attorneys fees pursuant to 42 U.S.C. § 1988;

    D. Such other relief as the Court may deem just and proper.

Dated: New York, New York
June 12, 2014

/s/
GREGORY ANTOLLINO (GA 5950)
Attorney for Plaintiff
275 Seventh Avenue Suite 705
New York, NY 10001
(212) 334-7397

4